Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPHINE F. TAILOR, *on behalf of herself and those similarly situated*,<br><br>            Plaintiff,<br><br>    vs.<br><br>RUSHMORE SERVICE CENTER, LLC;<br>MILES K. BEACOM;<br>DALE DOBBERPUHL;<br>THOMAS D. SANFORD; and<br>JOHN DOES 1 to 10,<br><br>            Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Josephine F. Tailor, by way of Class Action Complaint against Defendants Rushmore Service Center, LLC; Miles K. Beacom; Dale Dobberpuhl; and Thomas D. Sanford (and John Does 1 to 10) states:

### I.    NATURE OF THE ACTION

1.    This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.    As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by failing to identify the name of the creditor to whom the debt is owed, in violation of the FDCPA.

## II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.    Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.    PARTIES

5.    Plaintiff Josephine F. Tailor ("Plaintiff" or "Tailor") is a natural person residing in Bergen County, New Jersey.

6.    Defendant Rushmore Service Center, LLC, ("RSC") is a collection agency with its principal place of address located at 3820 N. Louise Avenue, Sioux Falls, SD, 57107.

7.    Defendant Miles K. Beacom ("Beacom") is the chief executive officer and managing member of RSC.

8.    Defendant Dale Dobberpuhl ("Dobberpuhl") is a managing member of RSC.

9.    Defendant Thomas D. Sanford ("Sanford") is a managing member of RSC.

10.    The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

11. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.    FACTS

### A. Background

12.     Defendants are not in the business of extending credit, selling goods or services to consumers.

13.     Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

14.     The principal purpose of Defendants is the collection of debts.

15.     When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

16.     At all times relevant hereto, Beacom, as a principal owner, officer, director, shareholder, and/or managing member of RCS, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of RCS complained of herein.

17.     At all times relevant hereto, Dobberpuhl, as a principal owner, officer, director, shareholder, and/or managing member of RCS, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of RCS complained of herein.

18.     At all times relevant hereto, Sanford, as a principal owner, officer, director, shareholder, and/or managing member of RCS, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all

of the illegal policies and procedures used by himself and other employees of RCS complained of herein.

19.    Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

20.    The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

21.    The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

22.    Defendants contend that the Account was past-due and in default.

23.    Defendant are debt collectors.

24.    The Account was assigned to Defendants for collecting the Debt.

25.    The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

**B.  Failure to Identify the Creditor**

26.    In an attempt to collect the consumer debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on September 7, 2017 (the "RSC Letter"). A true but redacted copy of the RSC Letter is attached as ***Exhibit A***.

27.    Plaintiff received and reviewed the RSC Letter.

28.    The RSC Letter does not identify the name of the creditor to whom the debt is owed.

29.    Further, the RSC Letter states "**Original Creditor:** PREMIER Bankcard, LLC[.]"

30.    However, PREMIER Bankcard, LLC, was never the original creditor.

31.    By failing to identify the creditor of the Debt, the RSC Letter leaves the least sophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

32.    Defendants' failure to identify the creditor is false, deceptive, and misleading, which is in violation of the FDCPA.

33.    Further, Defendants' statement that the original creditor was PREMIER Bankcard, LLC, is false, deceptive, and misleading, which is in violation of the FDCPA.

34.    Therefore, the RCS Letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

35.    Defendants engaged in unfair and deceptive acts and practices, in violation of, *inter alia*, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692g, and 1692g(a)(2).

## V.    CLASS ACTION ALLEGATIONS

36.    This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class and a Subclass initially defined as follows:

> **Class**: All natural persons with addresses in the State of New Jersey to whom, beginning September 7, 2017, through and including the final resolution of this case, Rushmore Service Center, LLC, sent a written communication which does not identify the name of the creditor to whom the debt is owed.

> **Subclass**: All members of the Class to whom, beginning September 7, 2017, through and including the final resolution of this case, Rushmore Service Center, LLC, sent a written communication which stated that the original creditor was PREMIER Bankcard, LLC.

37.    Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class or Subclass, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the RCS Letter.

38.    Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

39.    The Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

40.    There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

A.    Whether Defendants are debt collectors under the FDCPA;

B.    Whether Defendants violated the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692g, and 1692g(a)(2); and

C.    Whether Plaintiff, the Class, and the Subclass are entitled to damages.

41.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  The FDCPA statutory scheme provides for statutory damages payable to each class member.  A class action will cause an orderly and expeditious administration of the claims of the Class and Subclass and will foster economies of time, effort and expense.

42.    The claims of the Plaintiff are typical of the claims of the members of the Class and Subclass.

43.    The questions of law and/or fact common to the members of the Class and Subclass predominate over any questions affecting only individual members.

44.    Plaintiff does not have interests antagonistic to those of the Class and Subclass.

45.    The Class and Subclass, of which Plaintiff is a member, is readily identifiable.

46.    Plaintiff will fairly and adequately protect the interests of the Class and Subclass, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

47.    The prosecution of separate actions by individual members of the Class and Subclass would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

48.    Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.    VIOLATIONS OF THE FDCPA

49.    Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

50.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

51.    The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

52.    Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

53.    Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

54.    The RSC Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

55.    By failing to identify the name of the creditor to whom the debt is owed, and by stating the wrong entity as the original creditor, Defendants violated the FDCPA, including but not limited to the following:

> a.    Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e;
>
> b.    Defendants falsely represented the character, amount, or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);
>
> c.    Defendants used false representations and deceptive means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692e(10);
>
> d.    Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f;
>
> e.    Defendants failed to state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. §§ 1692g and 1692g(a)(2).

56.    The violations of the FDCPA described herein constitute *per se* violations.

57.    Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Josephine F. Tailor demands judgment against Defendants Rushmore Service Center, LLC; Miles K. Beacom; Dale Dobberpuhl; and Thomas D. Sanford as follows:

A.    For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B.    For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.    For statutory damages in favor of the Class and Subclass pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.    For actual damages in favor of Plaintiff, the Class, and the Subclass pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff, the Class, or the Subclass a negative tax consequence;

E.    For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.    For pre-judgment and post-judgment interest; and

G.    For such other and further relief as the Court deems equitable and just.

## VIII.    JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except:

- *Torres v. Rushmore Service Center, LLC*, 2:18-cv-09236-SDW-LDW (D.N.J.).

- *Jackson v. Rushmore Service Center, LLC*, 2:18-cv-04587-SJF-AYS (E.D.N.Y.).

KIM LAW FIRM LLC

Dated: September 7, 2018

*s/ Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff and the Proposed Class*