# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPHINE F. TAILOR and ALISON GEORGE, *on behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>RUSHMORE SERVICE CENTER, LLC., *et al.*,<br><br>Defendants. | Docket No.: 18-cv-13698<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendants Rushmore Service Center, LLC's, Miles K. Beacom's, Dale Dobberpuhl's, and Thomas D. Sanford's Motion to Compel Arbitration. ECF No. 20. For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

### A. Allegations in the Amended Complaint

Josephine F. Tailor and Alison George ("Plaintiffs") bring this purported class action against Rushmore Service Center, LLC ("Rushmore") and its managers Miles K. Beacom, Dale Dobberpuhl, and Thomas D. Sanford ("Defendants") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Amend. Compl. ¶ 2 (hereinafter, "AC"). Plaintiffs allegedly incurred personal debts that became past due and in default. AC ¶¶ 20, 26. The debts were "placed with or assigned to Defendants for collection." AC ¶ 26. To collect the debts, Rushmore sent collection letters to Plaintiffs. AC ¶¶ 27-29. "The collection letters do not properly identify the name of the current creditor to whom the debt is owed." AC ¶ 32. Specifically, Tailor's collection letter does not list a current creditor and lists the original creditor" as "PREMIER Bankcard, LLC," even though PREMIER Bankcard, LLC was never the original creditor. AC ¶¶ 33, 35-36. Similarly, George's letter states "Current/Original Creditor: PREMIER Bankcard, LLC," which Plaintiffs allege "is confusing as to whether PREMIER Bankcard, LLC, is the current or original creditor." AC ¶ 34. Regardless, PREMIER Bankcard, LLC was never the original creditor. AC ¶ 36. Plaintiffs propose to represent a class and subclass made up of New Jersey residents receiving similar collection letters from Rushmore. AC ¶ 42.

### B. The Motion to Transfer

Defendants move to compel arbitration and stay the current proceedings. Defs' Br. in Support of Mot. to Arb, ECF No. 20 (hereinafter, "Motion"). They assert that Plaintiffs incurred

the debts described in the Amended Complaint pursuant to credit card agreements that include an arbitration clause. Mot. at 1-3. In support of that contention, Defendants submit a declaration from Julie K. Gilson ("Gilson Declaration"), an employee of PREMIER Bankcard, LLC, the servicing entity for First Premier Bank "FPB," which issued the credit cards. Gilson Decl. ¶¶ 1, 4-5, ECF No. 20-2. She asserts that after Plaintiffs applied for the credit cards, FPB directed its data vendor to mail the applicable credit card agreement to Plaintiffs' addresses. *Id.* ¶¶ 6-7. Gilson attached "exemplar Credit Card Contract and Account Opening Disclosures containing the terms and conditions" governing Plaintiffs accounts. *Id.* ¶ 7. Those contracts included arbitration clauses encompassing "all disputes arising out of or connected to this contract" and applicable to employees, affiliates, beneficiaries, agents, and assigns of FPB. *Id.* Exs. A-B (capitalization adjusted); Mot. at 3-4.

Plaintiffs respond that because "arbitrability is not apparent based on the face of the Complaint," the Motion should be denied pending an opportunity for discovery. Pl. Mot. in Opp. at 6, ECF No. 22 (hereinafter, "Opposition"). In reply, Defendants make clear that "[t]he Motion was brought under the Fed. R. Civ. P. 12(b)(6) standard," yet argue "Plaintiffs' arguments fall flat as they are insufficient to challenge the admissible evidence set forth in the Gilson Declaration." Defs' Reply Br. at 4-5, ECF No. 25 (hereinafter, "Reply").

## II. DISCUSSION

Courts are authorized to compel arbitration "upon being satisfied that the making of the agreement for arbitration . . . is not in issue." 9 U.S.C. § 4. "In determining whether a valid arbitration agreement exists, a court must first decide whether to use the Rule 12(b)(6) or Rule 56 standard of review." *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018).

> [W]here the complaint does not establish with clarity that the parties have agreed to arbitrate . . . , a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record. In such circumstances, the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists. Afterwards, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a Rule 56, summary judgment standard.

*Id.* (citations omitted).

Here, Defendants insist "[t]he Motion was brought under the Fed. R. Civ. P. 12(b)(6) standard." Reply at 4. Therefore, granting the Motion would only be appropriate if the Amended Complaint "establish[ed] with clarity that the parties have agreed to arbitrate." *Torres*, 2018 WL 5669175, at *2. It does not. No arbitration clause appears in the Amended Complaint, nor any documented incorporated by reference therein. *See generally* AC.

As Defendant moved under Rule 12(b)(6) and not Rule 56, their argument that Plaintiffs fail to "raise any valid challenge to the . . . dispositive facts established by the Gilson Declaration" is irrelevant. *See* Reply at 5. As binding precedent makes clear, under the 12(b)(6) standard, when arbitrability is not "apparent on the face of the complaint, the motion

2

to compel arbitration must be denied pending further development of the factual record." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013). Therefore, Plaintiffs must be given a limited opportunity to conduct discovery on the narrow issue of whether arbitration clauses apply to Plaintiffs' claims. Afterwards, Defendant may file a renewed motion, which this Court will review under a Rule 56 standard.

## III. CONCLUSION

Therefore, Defendants' Motion to Compel Arbitration and Stay the Proceedings, ECF No. 20, is **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

|  |  |
|---|---|
| | */S/ William J. Martini* |
| **Date: February 4, 2019** | **WILLIAM J. MARTINI, U.S.D.J.** |