## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ALISON GEORGE, on behalf of herself and those similarly situated,

Plaintiff,

v.

RUSHMORE SERVICE CENTER, LLC; MILES K. BEACOM; DALE DOBBERPUHL; THOMAS D. SANFORD; and JOHN DOES 1 to 10,

Defendants.

Civil Action: 2:18-cv-13698-WJM-MF

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
## <u>VACATE THE ARBITRATION AWARD</u>

BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-0015
T: 856.761.3400
F: 856.761.1020

<u>On the Brief</u>:
William P. Reiley
Daniel JT McKenna

*Attorneys for Defendants, Rushmore
Service Center, LLC, Miles Beacom,
Dale Dobberpuhl, and Thomas Sanford*

## **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     STATEMENT OF THE CASE .................................................................... 2

III.    STANDARD OF REVIEW .......................................................................... 5

IV.     ARGUMENT ............................................................................................... 6

        A.      Plaintiff Presents No Reasons for the Court to Reconsider Its
                Order Compelling Arbitration ......................................................... 6

        B.      Plaintiff Likewise Cannot Vacate the Award ................................... 10

                1.      Plaintiff Failed to Meet the Jurisdictional Requirements
                        for this Court to Review the Arbitration Award ..................... 10

                2.      Plaintiff Failed to Timely File a Notice of Motion to
                        Vacate the Arbitration Award ................................................. 12

                3.      There Are No Grounds to Vacate the Arbitration Award ........ 13

V.      CONCLUSION ........................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*,
99 F.R.D. 99 (E.D. Va. 1983) ...............................................................................8

*Assisted Living Associates of Moorestown LLC v. Moorestown Twp.*,
996 F. Supp. 409 (D.N.J. 1998) ...........................................................................8

*Badgerow v. Walters*,
142 S. Ct. 1310, 212 L. Ed. 2d 355 (2022)...............................................1, 10, 11

*Benhenni v. Bayesian Efficient Strategic Trading, LLC*,
2016 U.S. Dist. LEXIS 134340 (D.N.J. Sep. 29, 2016) ....................................11

*Bernhardt v. Polygraphic Co.*,
350 U.S. 198, 76 S. Ct. 273, 100 L. Ed. 199 (1956)..........................................16

*Blair v. Fed. Pac. Credit Co.*,
LLC, 2021 WL 236582 (D.N.J. Jan. 25, 2021) .................................................17

*BSC-C&C JV v. Louis Berger Grp., Inc.*,
2014 U.S. Dist. LEXIS 95734 (D.N.J. July 15, 2014) ......................................18

*Campuzano-Burgos v. Midland Credit Mgmt., Inc.*,
550 F.3d 294 (3d Cir. 2008) ...............................................................................17

*Claycomb v. Playtex*,
363 F. App'x 152 (3d Cir. 2010) ..........................................................................9

*Dluhos v. Strasberg*,
321 F.3d 365 (3d Cir. 2003) .................................................................................5

*Douglass v. Convergent Outsourcing*,
765 F.3d 299 (3d Cir. 2014) ...............................................................................14

*Durmer v. Rogers*,
2006 U.S. Dist. LEXIS 74612 (D.N.J. Oct. 13, 2006) ......................................18

*Ford v. Consigned Debts & Collections, Inc.*,
2010 U.S. Dist. LEXIS 135385 (D.N.J. Dec. 21, 2010)....................................12

*Garrison v. Porch*,
2008 U.S. Dist. LEXIS 30120 (D.N.J. Apr. 11, 2008) ........................................7

*Gross v. Weinstein*,
2018 U.S. Dist. LEXIS 162799 (D. Del. Sept. 24, 2018) ...................................11

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
552 U.S. 576, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008) ................................10

*Handley v. Chase Bank USA NA*,
387 Fed. App'x 166 (3d Cir. 2010) ..............................................................2, 5

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*,
215 F. Supp. 2d 482 (D.N.J. 2002) ......................................................................8

*Jackson Hewitt, Inc. v. Barnes Enters.*,
2012 U.S. Dist. LEXIS 57798 (D.N.J. Apr. 25, 2012) ........................................9

*Jeereddi A. Prasad, M.D., Inc. Retirement Plan Tr. Profit Sharing*
*Plan v. Investors Associates, Inc.*,
82 F. Supp. 2d 365 (D.N.J. 2000) .................................................................12, 13

*Jones v. Intarome Fragrance Corp.*,
2007 U.S. Dist. LEXIS 3157 (D.N.J. Apr. 27, 2007) .....................................6, 12

*Kaplan v. First Options of Chicago, Inc.*,
19 F.3d 1503 (3d Cir. 1994) aff'd. 514 U.S. 938 (1995)...................................18

*Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*,
357 F.3d 272 (3d Cir. 2004) ...................................................................5, 6, 15

*U.S. ex rel. Malloy v. Telephonics Corp.*,
68 Fed. Appx. 270 (3d Cir. 2003)........................................................................7

*Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co. Ltd.*,
868 F.2d 52 (3d Cir. 1989) ..................................................................................6

*O.R. Sec., Inc. v. Prof'l Planning Assocs.*,
857 F.2d 742 (11th Cir. 1988) ...........................................................................16

*Oritani Say. & Loan Ass'n v. Fidelity & Deposit Co.*,
744 F. Supp. 1311, 1314 (D.N.J. 1990)...............................................................8

*Owen-Williams v. BB&T Inv. Servs.*,
  717 F. Supp. 2d 1 (D.D.C. 2010)..................................................16

*P. Schoenfeld Asset Mgmt LLC v. Cendant Corp.*,
  161 F. Supp. 2d 349 (D.N.J. 1992)................................................8

*Quinteros*, 176 F.3d at 678 .........................................................9

*Ramsey v. AG of N.J.*,
  2020 U.S. Dist. LEXIS 237012 (D.N.J. Dec. 16, 2020)......................9

*Reichman v. Creative Real Estate Consultants, Inc.*,
  476 F. Supp. 1276 (S.D.N.Y. 1979) .............................................16

*Sargent v. Paine Webber Jackson & Curtis, Inc.*,
  882 F.2d 529, 280 U.S. App. D.C. 7 (D.C. Cir. 1989) ......................16

*Sobel v. Hertz, Warner & Co.*,
  469 F.2d 1211 (2d Cir. 1972) .....................................................16

*T.H. & K.H. v. Clinton Twp. Bd. of Educ.*,
  2006 U.S. Dist. LEXIS 40358 (D.N.J. June 16, 2006).......................7

*TQM Constr. Co. v. New Jersey Bldg. Const. Laborers Dist. Council, Local 394*,
  2011 U.S. Dist. LEXIS 37222 (D.N.J. Apr. 4, 2011).......................19

*United Paperworkers Int'l Union v. Misco, Inc.*,
  484 U.S. 29, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987) ......................5

*Vaden v. Discover Bank*,
  556 U.S. 49, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) ..................10

*Wilder v. AT&T*,
  2008 U.S. Dist. LEXIS 28052 (D.N.J. Apr. 1, 2008).........................7

*Wilko v. Swan*,
  346 U.S. 427, 74 S. Ct. 182, 98 L. Ed. 168 (1953)...........................16

**Federal Statutes**

9 U.S.C.S. § 1..........................................................................1

9 U.S.C. § 10(a) ....................................................................5, 6

iv

9 U.S.C. § 10(a)(4) ....................................................................................16

9 U.S.C. § 12 ......................................................................................12, 13

15 U.S.C. § 1692k(a)(1) ............................................................................11

15 U.S.C. § 1692k(a)(2)(A) .......................................................................11

15 U.S.C. § 1692k(a)(3) ............................................................................12

28 U.S.C. § 1331 ......................................................................................10

Fair Debt Collection Practices Act ..................................................*passim*

**Rules**

Fed. R. Civ. P. 6(a) ...................................................................................13

Fed. R. Civ. P. 50 .......................................................................................7

Fed. R. Civ. P. 52 .......................................................................................7

Fed. R. Civ. P. 59 .......................................................................................7

L.Civ.R.7.1(i) .............................................................................................7

L.Civ.R.7.1 .................................................................................................7

## I.  <u>INTRODUCTION</u>

Plaintiff Alison George's ("Plaintiff") motion to vacate the arbitration award ("Motion") lacks merit and should be denied in its entirety.  To begin with, Plaintiff improperly seeks reconsideration of this Court's May 11, 2020 decision compelling arbitration of her Fair Debt Collection Practices Act ("FDCPA") claim against defendant Rushmore Service Center, LLC ("Rushmore").[1]  Plaintiff raises no new issues or arguments—and in fact copied and pasted the same arguments this Court already rejected—and her untimely reconsideration request should be rejected.

Further, in accordance with the *Badgerow v. Walters* Supreme Court decision, this Court lacks jurisdiction to adjudicate Plaintiff's motion to vacate.  As a result, Plaintiff has filed her Motion in the wrong court, and it should therefore be denied accordingly.  Even if Plaintiff could file her Motion in this Court, it is time-barred under the Federal Arbitration Act, 9 U.S.C.S. § 1, *et seq*., which prohibits challenges to an arbitration award after the expiration of the ninety-day limitations period.  Plaintiff filed the Motion ninety-two days after the arbitration award was entered, and thus outside of the time period permitted for motions to vacate.

Should the Court consider Plaintiff's improper and untimely Motion,

---

[1]  Plaintiff originally brought claims against Miles K. Beacom, Dale Dobberpuhl, and Thomas D. Sanford, but she voluntarily dismissed those claims.

it should be denied because it fails on the merits. The arbitrator complied with the American Arbitration Association's consumer arbitration rules, which provided ample opportunity for each party to present their claims and defenses. The arbitrator's decision was based on careful consideration of the relevant facts and applicable law. While Plaintiff clearly did not like the arbitrator's decision, nothing supports her claim that the arbitrator exhibited partiality toward Rushmore or failed to consider the law. The Court should therefore accord the arbitrator's decision the "exceptional deference" it is due, *Handley v. Chase Bank USA NA*, 387 Fed. App'x 166, 168 (3d Cir. 2010), and deny Plaintiff's Motion.

## II.   **STATEMENT OF THE CASE**

Rushmore was retained by Premier Bankcard, LLC ("PBC") to provide collections services on Plaintiff's credit card account ("Account") issued by First Premier Bank ("First Premier"). *See* ECF No. 43-3 at ¶5. The Account is governed by a card agreement, which includes an arbitration agreement that requires Plaintiff to pursue her claims in mandatory binding arbitration. *See* ECF No. 43-3 at Ex. A.

This lawsuit commenced on September 7, 2018 in the form of a complaint filed as a putative class action. *See* ECF No. 1. After the complaint was amended, on December 7, 2018, Defendants moved to compel Plaintiff's claims to arbitration on an individual basis. *See* ECF No. 20. On February 11, 2019, the

Honorable William J. Martini, U.S.D.J. denied the Motion to Compel, without prejudice, and ordered the parties to engage in a period of limited discovery to address arbitrability. *See* ECF Nos. 26 and 27. After months of discovery on whether Plaintiff's claim falls within the scope of the arbitration clause, Rushmore filed a renewed motion to compel arbitration. *See* ECF No. 43. On May 11, 2020, Judge Martini entered an order compelling arbitration of Plaintiff's claims. *See* ECF No. 52.

Plaintiff then filed a demand for arbitration ("Demand") with the American Arbitration Association. Plaintiff alleged that Rushmore violated the FDCPA in connection with an April 18, 2018 letter ("Letter"). Plaintiff's claim hinged on the allegation that Rushmore failed to properly identify the name of the creditor to whom the debt is owed. Rushmore maintained throughout the arbitration proceeding that it properly identified PBC as the creditor in the Letter. Rushmore further asserted that Plaintiff suffered no harm because she never read the Letter.

The parties completed extensive discovery, and filed dispositive motions. On June 23, 2022, Arbitrator Frank a. Danzi ("Arbitrator") entered an order on the motions. *See* Motion, Ex. A. In his order, the Arbitrator rejected Plaintiff's attempt to collaterally attack this Court's decision to compel her claim to arbitration. *See id*. at 1 (the Arbitrator found "no cause to overturn [Judge

Martini's May 11, 2020] decision").  The Arbitrator also denied the dispositive motions of both parties as far as they sought a determination on the fundamental question of whether the FDCPA was violated.

The arbitration hearing took place on October 13, 2022.  During the five-hour arbitration proceeding, the Arbitrator accepted evidence, including twenty-two exhibits and testimony from three witnesses, and heard oral argument. The Arbitration then accepted multiple post-hearing submissions, which were submitted by the parties on October 26, 2022 and November 3, 2022.   On November 14, 2022, the Arbitrator entered an award in Rushmore's favor finding that Plaintiff failed to meet her burden of proving a violation of the FDCPA ("Arbitration Award").  *See* Motion, Ex. B.  The Arbitrator found that Plaintiff's claim was not sustainable as she could not have been misled by a letter she admittedly never read.  *See id*. at 2.  The Arbitrator further found that there was no evidence presented by the Claimant to substantiate the allegation that listing PBC as the creditor in the Letter was misleading.  *See id*. at 3.  Finally, the Arbitrator determined that Rushmore's witness confirmed PBC's creditor status as it began servicing the Account before it went into default.  This witness also confirmed that PBC was entitled to a share of the debt, meeting the definition of a creditor under South Dakota law.  *See id*.

As explained below, Plaintiff's Motion to vacate the Arbitration

Award should be denied.

## III.  <u>STANDARD OF REVIEW</u>

Review of an arbitration award is extremely limited and conducted under a highly deferential standard.  *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987).  Indeed, a court's "role in reviewing the outcome of the arbitration proceedings is not to correct factual or legal errors made by an arbitrator."  *Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 279 (3d Cir. 2004). Rather, an arbitration award may be vacated only in the "exceedingly narrow" circumstances specified under the Federal Arbitration Act, 9 U.S.C. § 10(a) ("FAA"), and "courts accord arbitration decisions exceptional deference." *Handley v. Chase Bank USA NA*, 387 Fed. App'x 166, 168 (3d Cir. 2010) (citing *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003)).

The FAA provides four exclusive grounds upon which an arbitration award can be vacated.  *See* 9 U.S.C. § 10(a).  These limited grounds include circumstances:

> (1) "[W]here the award was procured by corruption, fraud, or undue means;"
>
> (2) "[W]here there was evident partiality or corruption in the arbitrators, or either of them;"
>
> (3) "[W]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and

5

material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;" and/or

(4) "[W]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

*Id.*

The Third Circuit has also recognized two common law grounds for *vacatur.* First, an arbitration award may be set aside if the arbitrator demonstrates "manifest disregard" for the facts or law, which "is established when the arbitrator's award is totally unsupported by principles of contract construction." *Major League Umpires Ass'n*, 357 F.3d at 280 (internal citation and quotation marks omitted). "In order to vacate an arbitration award on such grounds, there must be absolutely nothing in the record to justify the arbitrator's decision." *Jones v. Intarome Fragrance Corp.*, 2007 U.S. Dist. LEXIS 31575, at *3 (D.N.J. Apr. 27, 2017). Second, an arbitration award may be set aside if the arbitral award is "completely irrational." *Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co. Ltd.*, 868 F.2d 52, 56 (3d Cir. 1989) (internal citation and quotation marks omitted).

## IV.   ARGUMENT

### A.   Plaintiff Presents No Reasons for the Court to Reconsider Its Order Compelling Arbitration

Plaintiff argues that Rushmore cannot invoke the arbitration

agreement as it lacked the authority to enforce arbitration, given that it was not a party to the agreement. *See* Motion at 8-11. Plaintiff asks this Court to reconsider its May 11, 2020 Order compelling arbitration of Plaintiff's FDCPA claim by repeating exactly the same arguments she raised in 2020. *See* Motion at 8-11. Reconsideration is not appropriate as Plaintiff identifies no legal or factual errors.

As an initial matter, this reconsideration Motion is untimely under Local Rule 7.1. The rule provides, "Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L.Civ.R.7.1(i). Here, Plaintiff moved to reconsider the Court's May 11, 2020 Order nearly three years later—on February 14, 2023. *See* ECF No. 66. This alone is a basis to deny Plaintiff's request to reconsider the order compelling arbitration of her FDCPA claim.[2]

Even if the Motion was considered, reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v.*

---

[2]     *See Garrison v. Porch*, 2008 U.S. Dist. LEXIS 30120, at *2 (D.N.J. Apr. 11, 2008) (citing, *e.g., U.S. ex rel. Malloy v. Telephonics Corp.*, 68 Fed. Appx. 270, 274 n. 6 (3d Cir. 2003)) ("[A] district court may deny a motion for reconsideration simply because it was filed beyond the [deadline] provided by Rule 7.1(i)."); *Wilder v. AT&T*, 2008 U.S. Dist. LEXIS 28052, at *1 (D.N.J. Apr. 1, 2008) (quoting *T.H. & K.H. v. Clinton Twp. Bd. of Educ.*, 2006 U.S. Dist. LEXIS 40358, at *2 (D.N.J. June 16, 2006)) ("[U]ntimeliness 'alone is sufficient grounds to deny the Plaintiffs' motion [for reconsideration].'").

*Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002).  A motion for reconsideration is improper "when it is used to ask the Court to rethink what [it] already thought through — rightly or wrongly." *Oritani Say. & Loan Ass'n v. Fidelity & Deposit Co*., 744 F. Supp. 1311, 1314 (D.N.J. 1990) quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc*., 99 F.R.D. 99, 101 (E.D. Va. 1983). "[T]he parties should not be permitted to reargue previous rulings made in the case." *Id*.

A motion for reconsideration "may not be used to relitigate old matter, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 1992) (citation omitted).  The movant must instead "show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *Assisted Living Associates of Moorestown LLC v. Moorestown Twp*., 996 F. Supp. 409, 442 (D.N.J. 1998). "Mere disagreement with a decision of the district court should normally be raised through the appellate process and is inappropriate on a motion for reargument." *Id*.

While Plaintiff is careful not to identify her request as seeking reconsideration, that is precisely what Plaintiff seeks to do.  Plaintiff has not, however, identified any basis for review of this Court's May 11, 2020 order or

compelling her FDCPA claim to arbitration.[3]   She makes no new arguments, presents no new law, and fails to show how reconsideration of the May 11, 2020 order would prevent manifest injustice.   To the contrary, she merely raises the **exact same** arguments as she did in opposition to Rushmore's renewed motion to compel arbitration.   *See* ECF No. 43.   Plaintiff's disagreement with that decision is not a proper basis for reconsideration.   *Claycomb v. Playtex*, 363 F. App'x 152, 153 (3d Cir. 2010) (citing *Quinteros*, 176 F.3d at 678); *Ramsey v. AG of N.J.*, 2020 U.S. Dist. LEXIS 237012 (D.N.J. Dec. 16, 2020) (noting that a party's disagreement with the court's previous ruling does not constitute a valid ground for a motion for reconsideration); *see also Jackson Hewitt, Inc. v. Barnes Enters.*, 2012 U.S. Dist. LEXIS 57798, at *6 (D.N.J. Apr. 25, 2012) (dismissing claim already dismissed prior in the litigation).   Because Plaintiff raised no dispositive factual matter or controlling decisions of law that were overlooked by the Court in its prior opinion, Plaintiff failed to meet the standard required on a motion for reconsideration.

---

[3]   On the contrary, the Court correctly found that the card agreement at issue explicitly incorporates First Premier's affiliates, such as PBC.   Because Rushmore is an agent of PBC, the Court rightly concluded that Rushmore (and the individual defendants) can enforce the arbitration agreement.   *See* ECF No. 51 at 2-3.

**B.     Plaintiff Likewise Cannot Vacate the Award**

**1.     Plaintiff Failed to Meet the Jurisdictional Requirements for this Court to Review the Arbitration Award**

The FAA "bestow[s] no federal jurisdiction" on federal courts. *Hall St. Assocs., L.L.C. v. Mattel, Inc*., 552 U.S. 576, 581-82, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008).  The Supreme Court recently reiterated that the FAA does not create federal subject matter jurisdiction and held that a party seeking to confirm or vacate an arbitral award must "identify a grant of jurisdiction, apart from [the FAA] itself, conferring 'access to a federal forum.'"  *Badgerow v. Walters*, 142 S. Ct. 1310, 1316, 212 L. Ed. 2d 355 (2022) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 59, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009)).  *Badgerow* expressly held that "look-through" jurisdiction is insufficient for motions to confirm or vacate an award. *Id*. at 1317-18.  In other words, federal jurisdiction to confirm or vacate an award is not created merely because the cause of action is grounded in federal law. *Id.*  Instead, in those situations "a court may look only to the application actually submitted to it in assessing its jurisdiction." *Id*. at 1314.

It is undisputed that Plaintiff initiated this case exclusively under federal question. *See* ECF No. 13 at ¶ 3("This Court has jurisdiction to entertain this matter pursuant to . . . 28 U.S.C. § 1331").  However, federal question jurisdiction alone does not confer access to the Court through Plaintiff's motion to vacate. *See, e.g., Badgerow*, 142 S. Ct. at 1314.  Therefore, diversity jurisdiction is

the only basis for the Court's jurisdiction over the Motion.  While the parties are citizens of different states,[4] the amount in controversy threshold is not satisfied.

The Third Circuit has not addressed how to determine the amount in controversy for a petition to vacate or confirm an arbitration award, and the *Badgerow* case did not provide any guidance on the matter.  However, prior to *Badgerow*, this Court applied the "demand" approach, which calculates the amount in controversy based on the amount requested in the underlying arbitration instead of the amount awarded.  *Benhenni v. Bayesian Efficient Strategic Trading, LLC*, 2016 U.S. Dist. LEXIS 134340, at *3 (D.N.J. Sep. 29, 2016).  The arbitration at issue involved a single violation of the FDCPA.  *See* ECF No. 13.  Under the FDCPA, any debt collector who violates the statute is liable for actual damages sustained by the consumer as well as statutory damages up to a maximum of $1,000.00. 15 U.S.C. § 1692k(a)(1) and (a)(2)(A); *see also Gross v. Weinstein*, 2018 U.S. Dist. LEXIS 162799, at *3 (D. Del. Sept. 24, 2018) (noting that "[s]tatutory damages in an amount of no more than $1,000 per plaintiff per lawsuit may ... be awarded under the FDCPA").  Even if the FDCPA was violated (which it was not), Plaintiff could only recover a maximum of $1,000 under the statute.  Additionally, a successful plaintiff is also entitled to recover "the costs of

---

[4]     *See* ECF No. 13 at ¶ 5 (Plaintiff is from New Jersey); *see also* ECF No. 31 at ¶¶ 7-10 (Defendants are from South Dakota).

the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The prevailing party must provide sufficient evidence, in addition to the attorney's affidavits, to demonstrate that the requested fees and rates are comparable to those commonly charged in the area of practice for similar work by attorneys of similar qualifications. *Ford v. Consigned Debts & Collections, Inc*., 2010 U.S. Dist. LEXIS 135385, at *7 (D.N.J. Dec. 21, 2010). Plaintiff does not suggest, let alone prove with the required affidavits, that her attorney's fees exceeded the amount in controversy threshold. Consequently, even when applying the demand approach, Plaintiff fails to meet the amount in controversy threshold and this Court respectfully does not have jurisdiction to review the Arbitration Award.

### 2. Plaintiff Failed to Timely File a Notice of Motion to Vacate the Arbitration Award

Plaintiff had ninety days after the arbitration award was filed to move to vacate. *See* 9 U.S.C. § 12 ("notice of motion to vacate, modify, or correct an award must be served upon an adverse party or his attorney within three months after the award is filed or delivered"). This Court has made clear that it will not review an arbitration award if a party fails to challenge the award within those ninety days. *Jones v. Intarome Fragrance Corp.*, 2007 U.S. Dist. LEXIS 3157, at *3 (D.N.J. Apr. 27, 2007) (citing *Jereddi A. Prasad, M.D., Inc. Retirement Plan Tr. Profit Sharing Plan v. Investors Associates, Inc.*, 82 F. Supp. 2d 365, 367-68

(D.N.J. 2000)).

The Arbitration Award was rendered by the Arbitrator on November 14, 2022, and Plaintiff therefore had until February 13, 2023 to file her Motion under 9 U.S.C. § 12.[5]  Plaintiff did not file her Motion until February 14, 2023, after the time to move to vacate expired.  Plaintiff's Motion is therefore untimely.[6] *See, e.g., Jeereddi A. Prasad, M.D., Inc. Retirement Plan Tr. Profit Sharing Plan v. Investors Associates, Inc.*, 82 F. Supp. 2d 365, 367-68 (D.N.J. 2000).

### 3.    There Are No Grounds to Vacate the Arbitration Award

Even if the Court considers Plaintiff's arguments, she has not provided any basis for vacatur of the Arbitration Award and the Court should deny Plaintiff's Motion.

### a.    The Arbitrator Properly Considered the Evidence Presented at the Hearing

Plaintiff contends the arbitration was unfair because she believes the testimony provided by First Premier witness Julie Gilson was inadequate to establish that PBC was Plaintiff's creditor.  *See* Motion at 11-12.  That argument

---

[5]    The Motion was due to be filed by February 12, 2023.  As this day fell on a Sunday, the deadline was extended to February 13, 2023, in accordance with the court's rule for calculating time for submitting motion papers.  *See* Fed. R. Civ. P. 6(a).

[6]    It bears noting that Plaintiff's FDCPA claim is grounded in a hyper-technical violation—she argues the Letter identified the Creditor as PBC instead of First Premier.  Those who pursue technical claims, should be held to technical requirements.

reflects a gross misunderstanding of Plaintiff's evidentiary burden. Rushmore was not required to prove PBC was a creditor—Plaintiff was required to prove that PBC was *not* a creditor. *See, e.g, Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (setting forth the elements of an FDCPA claim). Plaintiff presented no evidence to support her burden. Plaintiff presented only her own testimony, the testimony of a Rushmore representative, and records related to her Account. She did not put forth any evidence relating to the relationship between First Premier and PBC, or PBC's role as a creditor to Plaintiff. Thus, she did not meet her burden, and the Arbitrator correctly ruled that Plaintiff presented "no proof . . . the listing of PBC as creditor was false, deceptive or misleading." *See* Motion, Ex. B at 2; *see also id* (noting Plaintiff's evidence was limited to her "exhibits and the testimony of two witnesses - [Plaintiff] Alison George herself and Rushmore VP Justin Broughton").

The Arbitrator even noted that Plaintiff had the chance to introduce more witnesses and evidence to back up her claim, but failed to do so. *See id*. ("[Plaintiff] had the opportunity to bring additional witnesses and/or subpoena additional documents/records to support her claim."). Plaintiff cannot overcome her failure to meet her burden of proof, by claiming Ms. Gilson's testimony provided solely as part of Rushmore's defense presentation was insufficient to prove PBC was a creditor. Since Plaintiff failed to prove PBC was not a creditor,

her claim failed.

Plaintiff's argument that Ms. Gilson lacked credibility also fails. Again, this argument ignores Plaintiff's burden to prove PBC was not a creditor. Since she did not meet that burden, Ms. Gilson's testimony and credibility are of no moment. Thus, the Arbitrator correctly ruled as follows:

> [Plaintiff] sought to question Ms. Gilson's credibility. Ms. Gilson was only brought as a witness by [Rushmore]. There was no obligation for her to testify to support the [Plaintiff's] case. Ms. Gilson's role and responsibilities gave her personal knowledge (in her 30 years of experience) that PBC services the First Premier credit cards immediately and is owed funds from payments received by the debtor (and also, according to her testimony, fronts all the money to cover the debtor's purchases). Simply because she does not know the full extent of the contractual documents that sets the operation or mechanics of PBC in motion, does not negate her testimony. Reiterating that nothing material was presented/produced/subpoenaed by [Plaintiff] to refute her testimony. PBC is a creditor not because Ms. Gilson said it is a creditor, but because Ms. Gilson's undisputed testimony was that PBC immediately serviced [Plaintiff] account and PBC was due/paid monies from payments received.

*See* Motion, Ex. B at 3. This Court does not review an arbitrator's factual findings and interpretations of law absent a manifest disregard for the law. *See Major League Umpires Ass'n*, 357 F.3d at 280. While Plaintiff may dislike the Arbitrator's conclusion, it is grounded in Plaintiff's failure to meet her burden of proof, and the defense evidence supported the conclusion that Plaintiff could not meet that burden. The reasoning behind the Arbitration Award is eminently rational and the Court should defer to that decision.

### b.    The Arbitrator Properly Applied the Law in Making the Arbitration Award

Plaintiff's second argument that the Arbitrator did not apply the "least sophisticated consumer" standard, Motion at 13-16, also fails.

As an initial matter, Plaintiff has no basis to claim the Arbitrator did not apply a least sophisticated consumer standard solely because he does not cite the standard in his decision.  The FAA does not require an arbitration award identify every legal standard relied upon, and the fact that standard is not identified is not indicative of it not being applied.  An arbitrator's award can only be vacated only if the arbitrator "so imperfectly executed [their powers] that a mutual, final, and definite award upon the subject matter submitted was not made," under 9 U.S.C. § 10(a)(4).[7]  Plaintiff has not proven that occurred here.

The Arbitrator found the FDCPA claim failed as a threshold matter because Plaintiff admitted she did not read the Letter.  *See* Motion, Ex. B at 2.  The Arbitrator's ruling aligned with the argument advanced in Rushmore's post-

---

[7]     *See, e.g., Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1215 (2d Cir. 1972) (citing *Wilko v. Swan*, 346 U.S. 427, 436, 74 S. Ct. 182, 98 L. Ed. 168 (1953), and *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 203, 76 S. Ct. 273, 100 L. Ed. 199 (1956)); *see also Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 532, 280 U.S. App. D.C. 7 (D.C. Cir. 1989); *O.R. Sec., Inc. v. Prof'l Planning Assocs.*, 857 F.2d 742, 747 (11th Cir. 1988); *Owen-Williams v. BB&T Inv. Servs.*, 717 F. Supp. 2d 1, 19 (D.D.C. 2010); *Reichman v. Creative Real Estate Consultants, Inc.*, 476 F. Supp. 1276, 1282 (S.D.N.Y. 1979).

hearing brief, which invoked the "least sophisticated consumer" standard to assert that a claimant must demonstrate they received and read a debt collection letter to advance an FDCPA claim.  *See* Certification of William P. Reiley, Esq., Ex. 1 (Rushmore's post-hearing brief).  The Arbitrator's finding that Plaintiff could not be misled by a letter she did not read is consistent the least sophisticated consumer standard as well as this court's prior rulings.  *See, e.g., Blair v. Fed. Pac. Credit Co.*, LLC, 2021 WL 236582, at *3 (D.N.J. Jan. 25, 2021) ("The debtor, however unsophisticated, must nevertheless 'read collection notices in their entirety'" to pursue a claim under the FDCPA) (quoting *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008)).  Thus, Plaintiff's assertion that the absence of citation of the legal standard serves as a justification for vacating the Arbitration Award is unfounded.

Further, although not required, the Arbitrator explicitly identified reasons beyond Plaintiff's failure to read the Letter in support of dismissing the FDCPA claim.  These reasons include Plaintiff's insufficiency of evidence to prove that PBC was improperly identified as a creditor in the Letter; the non-misleading nature of the Letter as it provided ample information indicating a connection between the debt and the debtor; and the accurate identification of PBC as a creditor of the Account, which was proven by Rushmore through the testimony of Ms. Gilson, who confirmed (i) PBC began servicing the Account

17

before it went into default and (ii) PBC was entitled to a share of the debt, meeting the definition of a creditor under South Dakota law.  *See generally* Motion, Ex. B.

Even if an error of law occurred, which it did not, such an error does not warrant overturning the Arbitration Award unless it "results in a complete miscarriage of justice or in an omission inconsistent with the rudimentary demands of fair procedure." *Durmer v. Rogers*, 2006 U.S. Dist. LEXIS 74612, *10 (D.N.J. Oct. 13, 2006) (citation omitted).  Plaintiff has presented no viable argument to suggest that the Arbitrator's rulings were not well-reasoned and based on the facts of record and controlling law.  Thus, Plaintiff's attempt to vacate the Arbitration Award should be denied.

### c.   The Arbitrator Was Not Biased and Did Not Demonstrate Evident Partiality Towards Rushmore

Plaintiff's claim that the Arbitrator was biased is equally meritless. Motion at 7.  Plaintiff has not produced any evidence of partiality or bias by the Arbitrator.  Nor could she, because the Arbitrator gave Plaintiff a full and fair opportunity to present her case. "Evident partiality" requires proof of circumstances "powerfully suggestive of bias." *BSC-C&C JV v. Louis Berger Grp., Inc.*, 2014 U.S. Dist. LEXIS 95734, *7 (D.N.J. July 15, 2014) citing *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1523 (3d Cir. 1994) aff'd. 514 U.S. 938 (1995).  The party seeking to vacate an arbitration award on the grounds of partiality or bias must present evidence proving the arbitrator's bias.  *TQM*

18

*Constr. Co. v. New Jersey Bldg. Const. Laborers Dist. Council, Local 394*, 2011 U.S. Dist. LEXIS 37222, at *5 (D.N.J. Apr. 4, 2011).

Plaintiff has not set forth any evidence of bias by the Arbitrator, and none can be inferred from the Award or Plaintiff's unsupported assertions of bias or evident partiality of the Arbitrator. Plaintiff's claim of bias should thus be rejected.

## V.    CONCLUSION

For the reasons above, Plaintiff's Motion to vacate the Arbitration Award should be denied.

Respectfully submitted,

s/ *William Reiley*
William Reiley
Daniel JT McKenna
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-0015
T: 856.761.3400
F: 856.761-1020
reileyw@ballardspahr.com
mckennad@ballardspahr.com

*Attorneys for Defendants, Rushmore Service Center, LLC, Miles Beacom, Dale Dobberpuhl, and Thomas Sanford*

Dated:  March 6, 2023