UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALISON GEORGE,<br><br>        Plaintiff,<br><br>v.<br><br>RUSHMORE SERVICE CENTER, LLC., *et al.*,<br><br>        Defendants. | Civ. No. 2:18-CV-13698 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter comes before the Court on Plaintiff Allison George's ("George" or "Plaintiff") one count complaint under the Fair Debt Collection Practices Act ("FDCPA") against Defendants Rushmore Service Center, LLC ("Rushmore"), Miles K. Beacom ("Beacom"), Dale Dobberpuhl ("Dobberpuhl"), and Thomas D. Sanford ("Sanford" and together with Rushmore, Beacom, and Dobberpuhl "Defendants"). Now before the Court is Plaintiff's Motion to Vacate the Arbitration Award ("Motion"). ECF No. 66. For the reasons set forth below, the Motion is **DENIED**.

**I.    BACKGROUND**

The Court assumes the parties' familiarity with the facts of the instant case and will summarize below only those facts relevant to the instant motion. On May 11, 2020, this Court granted Defendants' motion to compel arbitration. ECF Nos. 43, 51, 52. The parties then filed dispositive motions before the Arbitrator, Frank A. Danzi ("Arbitrator"). On June 23, 2022, the Arbitrator denied Plaintiff's motion challenging this Court's order to compel arbitration and denied both parties' motions seeking a determination as to whether the FDCPA was violated. A five-hour arbitration proceeding took place on October 13, 2022, during which the Arbitrator accepted evidence, including exhibits and testimony from witnesses, and heard oral argument. The Arbitrator also accepted multiple post-hearing submissions, which were submitted by the parties on October 26, 2022, and November 3, 2022.

On November 14, 2022, the Arbitrator entered an award in Defendants' favor finding that Plaintiff failed to meet its burden of proving a violation of the FDCPA. Pl. Mot. Ex. B, at 1. The Arbitrator found that since George admitted to not reading the debt collection letters, she could not have been misled by the notice, which contained her account number, the amounts due, contact information, and an opportunity to get additional information. *Id.* The Arbitrator went on to find that although there "could be circumstances where the information in the notice is so disconnected from the parties involved that it might be understandable why a debtor might ignore all or part of a notice," such circumstances did not exist here. *Id.* at 2.

The Arbitrator found that even if George had read the notice, George failed to submit any proof that the collection letter's listing of Premier Bankcard ("PBC") as the creditor was false, deceptive, or misleading. *Id.* Defendants' witnesses, the Arbitrator found, established that PBC began servicing George's account immediately and that PBC received and was entitled to part of the funds from payments made by George on her account. *Id.* Lastly, the Arbitrator found that George failed "in her burden of proof to show that there were any misrepresentations" in the notice and therefore denied her claim. *Id.*

## II. DISCUSSION

Plaintiff argues that the arbitration award should be vacated because Defendants never had the right to compel arbitration in the first place, the Arbitrator failed to consider the evidence presented, and the Arbitrator disregarded the "least sophisticated consumer" standard under the FDCPA. Pl. Mot. at 6-15. Defendants oppose Plaintiff's motion arguing Plaintiff presents no reason for this Court to reconsider its previous order compelling arbitration, which essentially is an untimely motion for reconsideration. Def. Opp. 6-9. Defendants next argue that Plaintiff cannot rely on federal question subject matter jurisdiction for this Court to review the arbitration award and must instead rely on diversity jurisdiction, where Plaintiff cannot meet the amount in controversy threshold. *Id.* at 10-12. Even if this Court were to have jurisdiction, Defendants contend, Plaintiff failed to timely file its motion to vacate within three months as required under 9 U.S.C. § 12. *Id.* at 12. Lastly, Defendants argue that the Arbitrator properly considered the evidence presented at the hearing, the Arbitrator properly applied the law in making the Arbitration award, and the Arbitrator was not biased and did not demonstrate evident partiality towards Defendants. *Id.* at 13-19.

### A. Timeliness

As a threshold matter, the Court will not consider Plaintiff's argument that this matter should not have been sent to arbitration. This Court previously issued an Order on May 11, 2020, compelling arbitration for the reasons set forth in the accompanying Opinion. *See* ECF No. 51, 52. Beyond the untimeliness of Plaintiff's motion for reconsideration under Local Rule 7.1, Plaintiff rehashes old arguments already considered by the Court and provide no basis to revisit this issue.

With respect to the timeliness of the motion to vacate the arbitration award, 9 U.S.C. § 12 requires that a notice of a motion to vacate "must be served upon the adverse party or his attorney within *three months* after the award is filed or delivered." (emphasis added). The arbitration award was entered on November 14, 2022 and therefore, Plaintiff had until February 14, 2023, to file its motion to vacate. Plaintiff did indeed file its motion on February 14, 2023, therefore, the motion is timely. ECF No. 66.

### B. Jurisdiction

Defendants argue this Court lacks jurisdiction because the Federal Arbitration Act ("FAA") bestows no federal jurisdiction on federal courts and "federal jurisdiction to confirm or vacate an arbitration award is not created merely because the cause of action is grounded in federal law." Def. Opp. at 10. Defendants further argue that "federal question jurisdiction alone does not confer access to the Court through Plaintiff's motion to vacate [and] diversity

jurisdiction is the only basis for the Court's jurisdiction over the Motion." *Id.* at 10-11. Although the parties are diverse[1], Defendants argue, Plaintiff cannot meet the amount of controversy threshold as limited by the FDCPA. *Id.* at 11-12. Plaintiff replies that since its claims arise under the FDCPA, a federal statute, the Court has jurisdiction to decide Plaintiff's motion to vacate. Pl. Reply at 4.

Defendants' citation to *Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022), for the proposition that "federal question jurisdiction alone does not confer access to the Court through Plaintiff's motion to vacate" is inapposite. *Badgerow* held that federal courts should determine whether actions brought under Section 9 or 10 of the FAA (which include motions to vacate arbitration awards) have an "independent jurisdictional basis." *Id.* "An obvious place is the face of the application itself. If it shows that the contending parties are citizens of different states (with over $75,000 in dispute), then §1332(a) gives the court diversity jurisdiction. Or if it alleges that federal law (beyond Section 9 or 10 itself) entitles the applicant to relief, then §1331 gives the court federal-question jurisdiction." *Id.* Here, Plaintiff seeks to vacate the arbitration award that finds George failed to allege a violation of the FDCPA, a federal law. The face of Plaintiff's Motion asserts that the Arbitrator misapplied federal law in dismissing its FDCPA claim. Therefore, the Court has an independent jurisdictional basis to hear the instant action. *See, e.g., France v. Bernstein*, 43 F.4th 367, 377 n.7 (3d Cir. 2022).

### C. Vacatur of the Arbitration Award

Arbitration awards are generally presumed to be correct, and may only be vacated in narrow circumstances. Even where the Court feels the arbitrator made a factual or legal error, this alone is not enough to support vacatur. *See Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 280 (3d Cir. 2004). Instead, Section 10(a) of the FAA provides that a Court may vacate an arbitration award;

(1) Where the award was procured by corruption, fraud, or undue means;
(2) Where there was evident partiality or corruption in the arbitrator;
(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The Third Circuit has further recognized that an arbitration award may be vacated where: (1) the award is completely irrational; (2) the arbitrator shows "manifest disregard" for the law; or (3) the award violates "clearly defined and dominant public policy." *TQM Constr. Co. v. N.J. Bldg. Constr. Laborers Dist. Council, Local 394*, Civ. No. 11-831, 2011 U.S. Dist. LEXIS 37222, *7-8 (D.N.J. Apr. 4, 2011).

---

[1] Plaintiff is from New Jersey and Defendants are from South Dakota. *See* ECF No. 13 at ¶¶ 5, 7-10.

Plaintiff first argues that the Arbitrator "failed to consider the evidence presented" by allowing testimony from a witness who described the relationship between First Premier Bank and Premier Bankcard. Plaintiff claims that by accepting "problematically vague" testimony, the Arbitrator failed to consider the evidence presented. Defendants correctly point out that the burden was on *Plaintiff* to show that PBC was not a creditor and therefore the notice was false, deceptive, or misleading. In this regard, Plaintiff did not put forth any evidence with which the Arbitrator failed to consider and was not denied an opportunity to do so. The Court finds that the Arbitrator properly considered the evidence before him.

Plaintiff next argues that the Arbitrator disregarded the "least sophisticated consumer" standard of the FDCPA when he stated that George not physically reading through the letters was a detriment to her claim. Pl. Mot. at 14-15. Plaintiff further contends that the Arbitrator imposed a subjective test instead of an objective one, as required by the least sophisticated consumer standard. Pl. Reply at 11-12. Defendants respond that the Arbitrator applied the correct standard, despite relying on the fact that George did not read the collection letters and was nonetheless not required to identify every legal standard relied upon. Def. Opp. at 16-17. The least sophisticated debtor standard protects naïve consumers, but "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006). Although the arbitration award does rely on whether George had actually read the notice, the Arbitrator goes on to say that "even if [George] had read the Rushmore notice, there was no proof submitted by [George] that on its face proved that the listing of PBC as creditor was false, deceptive, or misleading." Pl. Mot. Ex. B. at 2. The Arbitrator further found that Defendants were able to show that PBC began servicing George's account immediately and PBC received and was entitled to part of the funds from payments made by George on her account. The Arbitrator held that "each of [these] two factors. . . alone, could refute the violation of FDCPA." *Id.* at 3; *see, e.g, Hopkins v. Collecto, Inc.*, 994 F.3d 117, 122 (3d Cir. 2021). Plaintiff's Motion overlooks these separate findings that, notwithstanding the failure to explicitly reference the least sophisticated debtor standard, refutes their contention of manifest disregard for the law. Therefore, Plaintiff's Motion is **DENIED**.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Vacate the Arbitration Award is **DENIED**. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

**Date: May 30, 2023**